RICHARD K. FOULDS, as Committee of the Estate of EMMA FOULDS, an Incompetent Person, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Defendant, and BERTHA M. PULIS and MERRITT A. PULIS, Respondents.— In an action for a declaratory judgment to determine the construction of the disability clause in an insurance policy the complaint was dismissed on the trial. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, the Real Property Required for the Opening and Extending of Van Wyck Boulevard (Van Wyck Avenue — Ralph Avenue) from Jamaica Avenue (Fulton Street) to Foch Boulevard and from Rockaway Boulevard (Road) to Conduit Boulevard, Subject to the Rights, if Any, of the LONG ISLAND RAILROAD COMPANY, in the Borough of Queens, City of New York. SUZANNE RAPPAPORT, Appellant; THE CITY OF NEW YORK, BROOKMEAD REALTY CO., INC., THOMAS H. HEFFRON, THOMAS J. STYLES, JOSEPHINE R. STYLES, HARRY I. HUBER, as Trustee for FRITZ BREIGER and Others, and MOLLIE HERTZ, Respondents.— Appeal from order made the 19th day of September, 1938, dismissed. On appeal from order as resettled on the 2d day of November, 1938, apportioning an award in condemnation proceedings, and determining priority of liens, order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur. [See Rappaport v. Brookmead Realty Co., Inc., post, p. 837; Id. p. 837.]

In the Matter of the Petition of SELMA E. CROWELL, as Executrix, etc., of HARRY C. CROWELL, Deceased, for the Appointment of Trustees in Place of the PROVIDENT TRUST COMPANY OF PHILADELPHIA Which Renounced before Qualification. SELMA E. CROWELL, as Executrix, etc., of HARRY C. CROWELL, Deceased, Appellant; HARLAN CROWELL, HARRY C. CROWELL, Respondents.— Appeal from that part of an order appointing substituted trustees which required them to file a bond. Order, in so far as appealed from, affirmed, without costs. The widow and two sons are not the only persons interested in the estate. The sons have vested remainders, subject to be divested in the event of death before the widow. The son of Harlan has a beneficial interest in the estate. Present— Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.